UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DANNY SHAFER, )
)
      PLAINTIFF, )
)
vs. ) CASE NO. 15-CV-338-FHM
)
CAROLYN W. COLVIN, Acting )
Commissioner of the Social Security )
Administration, )
)
      DEFENDANT. )

## OPINION AND ORDER

Plaintiff, Danny Shafer, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

---

[1] Plaintiff, Danny Shafer's application for Disability Insurance benefits was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) Jeffrey S. Wolfe was held October 1, 2013. By decision dated December 19, 2013, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on June 1, 2015. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 47 years old on the alleged date of onset of disability and 49 years old on the date of the denial decision. He has a general education degree (GED) and formerly worked as a home health aide, childcare worker, and psychiatric tech. [R. 24]. Plaintiff claims to have been unable to work since April 17, 2012 due to arthritis, back/knee/hip problems, obsessive compulsive disorder (OCD), panic attacks, and depression. [R. 86].

## The ALJ's Decision

The ALJ determined that Plaintiff's severe impairments include bilateral knee arthritis, mild diffuse lumber spondylosis, major depression disorder, and anxiety disorder. [R. 13]. The ALJ also found that Plaintiff's obesity is nonsevere. [R. 11-12]. The ALJ

further determined that Plaintiff has the residual functional capacity (RFC) to perform light[2] work in that he can occasionally lift and/or carry 20 pounds and 10 pounds frequently; he can sit at least six hours in an eight hour work day; stand and/or walk at least two hours in an eight hour workday.  He can never climb ladders, ropes, or scaffolds; can occasionally stoop, crouch, and/or crawl; he should not work with the public; not perform work that requires collaboration with co-workers to complete his individually assigned job tasks; and can perform simple routine work with routine supervision. [R. 15].

Although Plaintiff was unable to perform his past relevant work and his ability to perform work at all exertional levels is limited, based on the testimony of the vocational expert, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. [R. 23-24].  Therefore, the ALJ found that Plaintiff was not disabled.  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that: 1)  the ALJ's residual functional capacity (RFC) determination was not supported by substantial evidence; 2) the credibility assessment was improper; and 3) the step five finding was not supported by substantial evidence.

---

[2] Pursuant to CFR § 404.1567, light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

## **Analysis**

Residual Functional Capacity Determination

Plaintiff argues that the ALJ's decision should be reversed because the RFC does not contain any limitation regarding supervision or his need for a cane and the ALJ also failed to explain why he did not accept all the limitations given by Plaintiff's treating and examining physicians. [Dkt. 16, 5-8].

Plaintiff contends that the ALJ gave "great weight" to the opinion of consultative psychologist, Dr. Garner, but did not provide any explanation for ignoring and/or rejecting Dr. Garner's opinion that Plaintiff needed limited contact with supervisors. Plaintiff argues that Dr. Garner found that Plaintiff was impaired in his ability to respond appropriately to supervision and that the ALJ erred in failing to include this limitation in the RFC or explain why it was not included. But Dr. Garner did not find that Plaintiff was impaired in his ability to respond appropriately to all supervision. Dr. Garner found that Plaintiff, "would appear to have the capacity to interact in a limited contact situation involving work supervisors and/or coworkers." [R. 21]. In other words, as long as the contact with supervisors was limited, Plaintiff could perform the job.

In the RFC, Plaintiff was limited to simple routine work with routine supervision. Plaintiff has not explained how routine supervision exceeds the limited contact with supervisors found by Dr. Garner. *Carver v. Colvin,* 600 Fed. Appx. 616, 620 (2015)(unpublished). Moreover, Plaintiff has completely failed to address how the jobs identified by the ALJ as jobs Plaintiff can perform exceed Plaintiff's capacity for limited

contact with supervisors. According to the *Dictionary of Occupational Titles* (DOT)[3], each of the jobs identified by the ALJ require the lowest level of contact with people (including supervisors) and even that contact is not a significant part of the jobs.

Plaintiff argues that the ALJ erred by failing to include his need for a cane in the RFC assessment. Plaintiff contends that use of a cane for balance and stability negatively impacts his ability to perform sedentary work. [Dkt. 6-7]. It is Plaintiff's position that there is overwhelming evidence to support his need for a cane which was ignored by the ALJ. Plaintiff states both treating and examining physicians noted his use of a cane, [Dkt. 16, p. 6], which would not have been mentioned if the cane was not needed. [Dkt. 22, p. 2]. The Commissioner argues that Plaintiff's use of a cane was not prescribed and that he could sometimes function without it. Presenting to medical appointments with a cane does not establish its need. [Dkt. 21, p. 5].

Social Security Ruling (*SSR*) 96-9p provides in part:

> **Medically required hand-held assistive device:** To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). The adjudicator must always consider the particular facts of a case. For example, if a medically required hand-held assistive device is needed only for prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, the unskilled sedentary occupational base will not ordinarily be significantly eroded. 1996 WL 374185 *7.

---

[3] *See* "Appendix C: General Education Development," in DICTIONARY OF OCCUPATIONAL TITLES, U.S. DEP'T OF LABOR, OFFICE OF ADMINISTRATIVE LAW JUDGES (4th ed.1991), *at* http://www.oalj.dol.gov/public/dot/refrnc/dotappc.htm.

The standard described in SSR 96-9p does not require that the Plaintiff have a prescription for the cane in order for it to be medically relevant to the determination of the RFC. Instead, Plaintiff only needs to present medical documentation establishing the need for the device.

The ALJ did not find that Plaintiff did not need to use a cane. In fact the ALJ did account for the need to use a cane by finding Plaintiff limited to work that allowed him to sit most of the day. Although the hypothetical question presented to the vocational expert did not contain the use of a cane, it did contain limitations such as sitting six hours out of an eight hour day; standing/walking two hours in an eight hour day; occasional stoop, crouch, crawl, and no climbing ladders, ropes, or scaffolds. The vocational expert provided three sedentary[4] representative jobs: clerical mailer, assembler, and miscellaneous assembler. [R. 25]. There is nothing in the record that indicates Plaintiff cannot perform these types of activities while using a cane. Plaintiff does not point to any authority that the fact a person uses a cane precludes the performance of any work. The court finds that the ALJ did not err by excluding the use of a cane in the RFC determination.

---

[4] Pursuant to CFR § 404.1567 sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

6

Plaintiff argues that the ALJ erred when he found Plaintiff could perform light[5] exertional work in that he could lift twenty pounds occasionally and ten pounds frequently. [Dkt. 16, p. 7]. In response to the hypothetical questions posed by the ALJ, the three representative jobs identified by the vocational expert were sedentary. Because of the ALJ's reliance on the testimony of the vocational expert, the court finds this argument moot and any error is harmless. No principle of administrative law or common sense requires that a case be remanded in quest for a perfect opinion, unless there is reason to believe that the remand might lead to a different result. *See Moua v. Colvin* –Fed. Appx. – (10th Cir. 2013), 2013 WL 3951709, *3 (quoting *Fisher v. Bowen,* 869 F.2d 1055, 1057 (7th Cir. 1989).

Credibility Determination

Plaintiff argues that the ALJ failed to perform a proper credibility determination. In support of this argument, Plaintiff asserts that the ALJ failed to properly consider his activities, third-party statements, medication, and treatment. Plaintiff also argues that his complaints of back pain are not out of proportion to the evidence. [Dkt. 16, p. 8-10]. Credibility determinations are peculiarly the province of the finder of fact, and the court will not upset such determination when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not

---

[5] Pursuant to CFR § 404.1567, light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

just a conclusion in the guise of findings. *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir.1995). The ALJ must "explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible." *Id*.

In determining that Plaintiff's testimony was not credible, the ALJ articulated his reasons for his credibility finding including: ability to work part-time; testified his main reason for not working was back pain yet reported pain management treatment provided improvement and pain was well-controlled with medication with no side effects; testified gout flares prevent him from working yet sought very little treatment; stopped working due to being fired for sleeping rather than alleged disabling impairments. [R. 23-24]. The court finds that the ALJ properly linked his credibility finding to the record and that the credibility finding is supported by substantial evidence. Therefore, the court finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

### Step Five Determination

Plaintiff argues that the ALJ's step 5 determination that he was able to perform jobs in the national economy is in error. Plaintiff contends that the ALJ failed to adequately account for Plaintiff's impaired ability to respond to supervisors and his need for a cane. Plaintiff also argues that the agency did not prove there are sufficient numbers of jobs in the national economy because the jobs identified by the vocational expert in response to the deficient hypothetical question total 820 in Oklahoma.

The hypothetical posed to the vocational expert included limitations the ALJ found credible and were included in the RFC determination. Hypothetical questions should be crafted carefully to reflect a claimant's RFC, as "[t]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute

substantial evidence to support the [Commissioner's] decision." *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir.1991) (quotation omitted); see also *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir.1995) (noting "the established rule that such inquiries must include all (and only) those impairments borne out by the evidentiary record").

In response to the hypothetical question posed by the ALJ, the vocational expert identified three sedentary jobs – assembler, miscellaneous assembler, and clerical mailer. [R. 79-81]. After a reduction in the number of jobs to accommodate Plaintiff's limitations, jobs located in Oklahoma would total 820. [R. 25]. Nationally, however, the number of jobs available to Plaintiff would exceed 53,000. The vocational expert testified as to a substantial number of jobs in the U.S. economy available to Plaintiff, taking into account his limitations. Accordingly, the court finds the ALJ's conclusion based on the vocational expert's testimony is supported by substantial evidence.

The court has previously addressed Plaintiff's argument concerning his need for a cane. No further discussion is necessary.

## Conclusion

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 28th day of July, 2016.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE